# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1661V
UNPUBLISHED

ANTHONY FLORES,

     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

Chief Special Master Corcoran

Filed: September 8, 2022

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Table Injury; Influenza (Flu) Vaccine;
Guillain-Barre Syndrome (GBS)

*Justin Aaron Smith, Sloan Bagley Hatcher & Perry Law, Longview, TX, for Petitioner.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On August 4, 2021, Anthony Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on October 24, 2019. Petition at 1. Petitioner further alleges that he suffered the residual effects or complications of his injury for more than six months after vaccine administration. Petition at 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 8, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that "petitioner has satisfied the criteria set forth in the

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Vaccine Injury Table and the Qualifications and Aids to Interpretation, which affords petitioner a presumption of causation if onset of GBS occurs between three and forty-two days after receipt of a seasonal flu vaccination and there is no apparent alternative cause." *Id.* at 7. Respondent further agrees that "the case was timely filed, that the vaccine was received in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of his injury for more than six months after vaccine administration." *Id.* Respondent states that Petitioner is entitled to compensation. *Id*. at 1.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master